J-S17008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :       PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| XAVIER LOPEZ | : |
| | : |
| Appellant | : No. 712 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 8, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006094-2022

BEFORE:   PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:        **FILED JULY 22, 2026**

Xavier Lopez appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after he was convicted of third-degree murder[1] and related offenses. On appeal, Lopez claims that he was denied a fair trial based upon purported instances of prosecutorial misconduct that transpired during closing arguments. After careful review, we affirm.

We glean the following from the certified record. On February 8, 2022, Lopez was involved in a shooting in North Philadelphia that resulted in the death of Javier Silva ("Victim"). At approximately 2:30 p.m., Lopez, driving a Ford Explorer, dropped his then girlfriend, Keyna Ortiz, and her children off at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

the home of Ortiz's mother, Iris Rios. At the time, Victim was standing on a nearby sidewalk conversing with Rios. Lopez circled the block and, upon his return, shot Victim. One day prior to the shooting, Lopez and Ortiz had argued about photos Victim had sent to Ortiz's phone. Lopez subsequently burned the Ford Explorer at the location he had left it parked following the shooting. A search of Lopez's phone revealed, *inter alia*, that Lopez had saved several screenshots of photos depicting Victim's mother and family members posted to Victim's mother's Instagram account. When questioned about these screenshots on direct examination, Lopez explained that the screenshots had been sent to him because Victim's family members were "making threats" and he needed to "be careful." **See** N.T. Trial, 5/6/24, at 24, 25.

Following a seven day jury trial, Lopez was convicted of third-degree murder, firearms not to be carried without a license, carrying firearms in public in Philadelphia, and possession of an instrument of crime ("PIC").[2] The court held a stipulated waiver trial on the charge of persons not to possess firearms,[3] which also resulted in a conviction. On October 8, 2024, the court imposed consecutive sentences of 20 to 40 years' confinement on the count of third-degree murder, 10 to 20 years on the count of persons not to possess, 2½ to 5 years each on the counts of firearms not to be carried without a

---

[2] 18 Pa.C.S.A. §§ 2502(c), 6106(a)(1), 6108, and 907(a), respectively.

[3] 18 Pa.C.S.A. § 6105(a)(1).

license and carrying firearms in public in Philadelphia, and no further penalty on the count of PIC. Lopez timely filed a post-sentence motion, which was denied by operation of law on February 18, 2025. Lopez timely filed a notice of appeal. Both Lopez and the trial court have complied with Rule 1925. *See* Pa.R.A.P. 1925(a), (b).

On appeal, Lopez presents the following question for our review:

Whether the trial court abused its discretion in failing to declare a mistrial due to prosecutorial misconduct?

Appellant's Brief, at 1.

Our Rules of Criminal Procedure permit a defendant to move for a mistrial "[w]hen an event prejudicial to the defendant occurs during trial[.]" Pa.R.Crim.P. 605(B).

Upon a party making a motion for mistrial, the trial court is to determine whether misconduct or prejudicial error actually occurred, and if so, to assess the degree of any resulting prejudice. When a party moves for a mistrial, such relief is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. A trial court is vested with the sound discretion to determine whether a mistrial is warranted, and we review its decision for an abuse of that discretion.

*Commonwealth v. Baker*, 313 A.3d 1112, 1119-20 (Pa. Super. 2024) (quotation marks, citations, and footnote omitted). "An abuse of discretion is more than an error of judgment. On appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised by the trial court was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Id.* at 1120 (citation omitted).

- 3 -

> In reviewing a trial court's determination to deny a mistrial, we recognize that the trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury. Additionally, if the trial court provides a cautionary instruction to address the alleged prejudice, we presume that the jury followed the instruction. Where the instruction is adequate, the grant of a mistrial is not necessary.

*Commonwealth v. Thomas*, 336 A.3d 1038, 1048-49 (Pa. Super. 2025) (quotation marks, brackets, and citations omitted).

Lopez avers that the trial court erred in denying his request for a mistrial where various improper comments made by the prosecutor during her closing argument amounted to prosecutorial misconduct. *See* Appellant's Brief, at 16. "The essence of a finding of prosecutorial misconduct is that the prosecutor, a person who holds a unique position of trust in our society, has abused that trust in order to prejudice and deliberately mislead the jury." *Commonwealth v. Malcom*, 351 A.3d 703, 714 (Pa. 2026) (citation omitted).

> With specific reference to a claim of prosecutorial misconduct in a closing statement, ... any challenged prosecutorial comment must not be viewed in isolation[] but rather must be considered in the context in which it was offered. Our review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial. Thus, it is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict. The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. Additionally, like the defense, the prosecution is accorded reasonable latitude, may employ oratorical flair in arguing its

- 4 -

version of the case to the jury, and may advance arguments supported by the evidence or use inferences that can reasonably be derived therefrom. Moreover, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review of the arguments advanced by the defense in summation.

*Commonwealth v. Rodriguez*, 340 A.3d 334, 341 (Pa. Super. 2025) (brackets and citation omitted).

On appeal, Lopez avers that, on three occasions during the prosecution's closing argument, "the Assistant District Attorney made unnecessary statements to the jury, which were intentionally made to prejudice [Lopez]." Appellant's Brief, at 18. As an initial matter, we note that the argument presented in Lopez's brief is woefully undeveloped. Our Rules of Appellate Procedure require the argument presented in an appellant's brief to include discussion of and citation to pertinent authorities. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citation omitted).

In the argument presented in his brief, Lopez fails to cite to any specific authority to support his prevailing contention that, in making the three challenged statements, the prosecutor exceeded the bounds of reasonable latitude afforded to her in delivering her closing argument. *See Rodriguez*, 340 A.3d at 341 (citation omitted). Furthermore, Lopez has not even

attempted to demonstrate how each challenged comment had the "unavoidable effect" of prejudicing the jury or to explain how the trial court's individualized curative instructions were inadequate to remedy any ensuing prejudice. *Id.* (citation omitted); *see Thomas*, 336 A.3d at 1048. While we could find each of Lopez's arguments waived on this basis, we will proceed to address them based on the limited argument Lopez advances in his brief and the certified record before us.

Lopez's first prosecutorial misconduct claim is based on the following statements made during the prosecution's closing argument:

> [Prosecutor:]         And what did you notice about the behavior of Keyna Ortiz as she got out of that car?
>
> Does she talk to the driver? No.
>
> Did she even walk her kids across the street? No.
>
> Why? Because she was upset, because they had just gotten into a fight. What was the fight about? Was it a ridiculous motive? Absolutely. It wasn't no motive. It was the fact that **this man, if you can call him that**, has an absolute—
>
> [Defense Counsel]:      Objection.
>
> [Prosecutor]:                      —ludicrous reaction to her, to her, to her receiving a text message from a friend on the block[.]

N.T. Trial, 5/6/24, at 126-27 (emphasis added).

Defense counsel argued that in making this comment, the prosecutor improperly suggested that Lopez "is less than a man or a person, and thus, not deserving of fair treatment," which had the effect of "completely and utterly inflaming the passions of the jury." *Id.* at 144. In response, the

prosecutor explained that she merely used oratorical flair to imply that Lopez "was so weak of a man that he was threatened by [Victim] speaking to his girlfriend in a non-threatening, non-sexual, non-romantic way." *Id.* at 147. The prosecutor denied that in making this comment, she was referring to Lopez as "a monster" or "calling him anything other than what the Commonwealth's [evidence of] motive ha[d] shown." *Id.* at 147-48.

We discern no abuse of discretion by the trial court in denying Lopez's request for a mistrial based upon the prejudicial effect of this comment. Upon reviewing this specific comment and the context in which it was made, the trial court, which was in the best position to assess the prejudicial effect that the statement had on the jury, *see Thomas*, 336 A.3d at 1048, determined that the comment was inappropriate and that the court could remedy the situation by issuing specific curative instructions. *See* N.T. Trial, 5/6/24, at 153-54. Prior to issuing its final charge, the court read the inappropriate statement, in its entirety, to the jury. *See* N.T. Trial, 5/7/24, at 9. The court then proceeded to instruct the jury that the prosecutor's comment was inappropriate and was to be disregarded. *Id.* at 10. The court further instructed the jurors that they "are the sole judges of witness character and credibility" determinations, which were to be made "based on the testimony and evidence" presented during trial. *Id.* at 10. Thus, we agree with the trial court's conclusion that any prejudicial effect resulting from this comment "was invalidated by the court's instructions and the necessity of a mistrial avoided."

Trial Court Opinion, 6/16/25, at 34. Accordingly, Lopez's first prosecutorial misconduct claim fails.

Lopez's second prosecutorial misconduct claim is based on the following statements made during closing argument:

> [Prosecutor:] Oh, members of [Victim's] family were threatening him? These women, they don't have to just live through a trial, a trial that has to be translated to them, because they're sitting here, witnessing their trial for their loved one in a different language. **They have to be victimized yet again by the defendant**—
>
> [Defense Counsel]: Objection, Judge. The trial—
>
> [Prosecutor]: —yet again? Unbelievable and offensive, and you all should be offended.
>
> [Defense Counsel]: Objection.
>
> [Prosecutor]: Absolutely. There's not just one, there's two. Not just one, not just two. Here, three multiple pictures of this poor family, and then he has the audacity to say that he got threatened by them? That's disgraceful.

N.T. Trial, 5/6/24, at 128 (emphasis added).

Defense counsel argued that the prosecutor improperly commented on Lopez's decision to exercise his constitutional right to a trial by jury and improperly suggested that "the jury should be swayed in its verdict by the mere fact that [Lopez] would dare elect to go to trial[,]" as doing so further victimized the family. *Id.* at 142. In response, the prosecutor opined as follows:

> Counsel believes that I said [this] because the defendant was exercising his right to testify? That's not at all what I said, and you can have it read back. I said that they were being victimized

- 8 -

again by [Lopez] saying that members of [Victim's] family were threatening him. Because there is no evidence at all of that, and I believe that [] was [Lopez's] way of trying to explain away the screenshots of [Victim's] family.

I did not comment on [Lopez] exercising his right to testify, nor would I ever, but I can comment on the testimony that he gave, and the jury's ability to evaluate it. And I can argue that the reason he is, you know, coming up with some excuse for why [having Victim's family's] Instagram [] in his phone is offensive, because I believe it is.

*Id.* at 148.

We discern no abuse of discretion by the trial court in denying Lopez's motion for a mistrial on this basis. The trial court determined that this comment was improper because "it sound[ed] as though [Victim's family was] possibly victimized not just by [Lopez's testimony] that [Victim's family had] threatened him, but also the fact that they [had] to come to trial." *Id.* at 56. Accordingly, the court read the prosecutor's improper comment to the jury and issued the following curative instruction:

Because this statement may be misconstrued, I want to remind you that the defendant has a right to proceed by a jury trial of his peers, and a right to testify at that trial, if he chooses to do so. These rights are founded in the United States and Pennsylvania Constitutions.

Again, you are the sole finders of fact who must weigh the credibility of each witness, including the defendant, with the other evidence presented in this case to determine the true facts, as you find them.

N.T. Trial, 5/7/24, 10-11. Additionally, this curative instruction was supported by standard jury instructions addressing the presumption of innocence, the Commonwealth's burden of proof, and witness credibility. *See id.* at 17-21,

22-27. Thus, we agree with the trial court's determination that "[t]hrough these directions, the issue of possible taint was properly remedied and the basis for mistrial resolved." Trial Court Opinion, 6/16/25, at 35. Accordingly, Lopez's second prosecutorial misconduct claim fails.

Lopez's third prosecutorial misconduct claim is based on the following comment:

> Ladies and gentlemen, **when somebody acts in self-defense and is justified in their actions, there isn't a charge or a trial**.

N.T. Trial 5/6/24, at 137 (emphasis added).

Defense counsel objected on the basis that this statement improperly suggested that the government's decision to charge and arrest an individual is proof of guilt. *See* N.T. Trial, 5/7/24, at 143. In responding to defense counsel's argument concerning the inappropriateness of this comment, the prosecutor explained that she intended to emphasize that the matter was "not a case of justifiable self-defense." *Id.* at 149. The prosecutor insisted that she was "not, in any way, suggesting that the arrest, itself, is evidence of anything." *Id.* She further clarified that if Lopez's arrest was "evidence of something, it [was] evidence that [she did not] believe he acted in self-defense, which [the jury] already kn[e]w" because she had consistently argued this point throughout trial. *Id.*

The trial court did not abuse its discretion in denying Lopez's motion for a mistrial based on this comment. The court properly determined that this

comment was "a blatant misrepresentation of fact and law," **see** Trial Court Opinion, 6/16/25, at 32, and informed the jury of such after reiterating the comment in its entirety. **See** N.T. Trial, 5/7/24, at 11. The trial court informed the jurors that they were not to consider the comment and further instructed as follows:

> I want to remind you that every defendant is innocent until proven guilty. The mere fact that he was arrested and charged for a crime is not proof that he committed the offense and is guilty. It is the Commonwealth's burden to prove he is guilty beyond a reasonable doubt of each and every element of the crime.

**See** N.T. Trial, 5/7/24, at 11. Moreover, in issuing both its preliminary instructions and its final charge, the court cautioned the jury that the statements of counsel were not evidence and were not to be considered as such. **See** N.T. Trial, 4/30/24, 67, 73; N.T. Trial, 5/7/24, at 16. Thus, the court's specific curative instruction adequately addressed any resulting prejudice, and we presume that the jury followed the court's instructions. **See Thomas**, 336 A.3d at 1048-49. Accordingly, Lopez's third prosecutorial misconduct claim fails.

Finally, Lopez summarily suggests that the cumulative prejudicial effect of the prosecution's improper comments could not be remedied with curative instructions and denied him a fair trial. **See** Appellant's Brief, at 17. However, it is well-settled that "an appellant cannot bootstrap a series of meritless claims into a cumulative claim of error." **Commonwealth v. Scott**, 212 A.3d 1094, 1114 (Pa. Super. 2019) (citations omitted); **see Commonwealth v.**

- 11 -

*Rolan*, 964 A.2d 398, 411 (Pa. Super. 2008) ("no number of failed [prosecutorial misconduct] claims may collectively attain merit if they could not do so individually") (emphasis and citation omitted). Thus, because Lopez's individual prosecutorial misconduct claims failed, his cumulative error claim likewise does not merit relief.

Based on the foregoing, neither the individual nor cumulative effect of the comments made by the prosecutor during her closing argument unavoidably prejudiced the jury such that it could not weigh the evidence objectively and render a true verdict. *See Rodriguez*, 340 A.3d at 341. To the extent the prosecutor's comments could be viewed as inappropriate or improperly suggestive, the trial court cured any defect by issuing specific curative instructions that mitigated any resulting prejudice. Accordingly, the trial court did not abuse its discretion in denying Lopez's motion for a mistrial, and in fact took commendable actions in avoiding any prejudice to Lopez. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2026